## JEROME B. MASSEY

*v.*

## WILLIAM S. HARDIN.

1. CHATTEL MORTGAGE—*effect of sale of property.* Where property is sold under a chattel mortgage, and the mortgagee becomes the purchaser, but, by an arrangement between the mortgagor and the mortgagee, the property still continues to belong to the mortgagor, the pretended sale being merely colorable, the indebtedness secured by the mortgage is not paid, and the mortgagor will still be liable thereon.

2. If, in such case, any of the property is levied on after such sale, under an execution against the goods and chattels of the mortgagee, and sold, the mortgage debt will be thereby extinguished to the extent of the property so levied on.

3. SAME—*mortgagee can not question regularity of sale.* Where the mortgagee in a chattel mortgage buys the mortgaged property, at a sale made at his instance, for the amount of the debt and costs, and neither the mortgagor nor his creditors complain of any irregularity in the sale, the mortgagee can not call in question its regularity, and the purchase by him is a payment of the mortgage debt.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. FULLERTON & WALLACE, for the appellant.

Messrs. DEARBORN & CAMPBELL, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant, to recover upon a note of $956.25, dated May 9, 1874, due in fifteen days after date, and a note of $5.25, dated June 15, 1874, due in ten days, both executed by appellee, and also an account of $22.30.

To the declaration appellee filed four pleas—*non-assumpsit*, payment, accord and satisfaction, and set-off, upon which issue was taken.

A trial of the cause before a jury resulted in a verdict in favor of appellee for $203.25. The court overruled a motion for a new trial, and rendered judgment upon the verdict.

The main ground relied upon by appellant to reverse the judgment is, that the verdict, as he claims, is contrary to the evidence.

It appears, from the evidence, that, on the 9th day of May, 1874, appellee executed and delivered to appellant a chattel mortgage on certain property, consisting of horses, cattle, hogs, wagons and harness, to secure the payment of the $900 note. On the 9th day of June, 1874, at the instance of appellant, the mortgaged property was sold and bid off by him for the full amount of the note and costs of sale. The sale was conducted by one A. C. Trout, who had been selected by appellant for that purpose. After the sale, appellant did not remove the property, but left it in the possession of appellee, and took a receipt from him, which was as follows:

"MASON CITY, *June* 5, 1874.

"Received of A. C. Trout the following stock, for pasturage, for 30 days: 17 head of cattle, two years old; 60 head of hogs; one span bay horses, 9 and 10 years old, about 16 hands high; 3 sets double harness; 4 wagons; 1 two-year old colt— to be returned on demand.

W. S. HARDIN."

A portion of the hogs died from disease, a part of the property was taken on process issued against the goods and chattels of appellant and sold, and the remainder, after appellant had refused to take it away, was sold by appellee, and appellant credited with the proceeds on appellee's account for keeping the property.

Appellant, in substance, testified that, at the time the property was sold on the mortgage, he was negotiating with others to obtain a loan of money for appellee; that the sale was made merely to continue the mortgage lien until the loan could be obtained, and then the debt discharged; that the property was to remain that of appellee after the sale the same as before.

While, on the other hand, the appellee says the sale was absolute, and there was no agreement that he should own the

property; that, if a loan was secured, he had the right, if he saw proper, to redeem the property.

Appellee's version of the transaction seems to be corroborated by the conduct of appellant after the sale. The officer who made the sale says that, some weeks afterwards, appellant came to him and requested he should go and get the property, and when the property was levied upon by the sheriff, under an attachment against appellant, he made preparation with the sheriff to replevy it.

But whether the note was satisfied by a sale of the mortgaged property, was a question of fact for the jury, and while there was a conflict in the proof, we are not prepared to say the jury disregarded the clear preponderance of the evidence in arriving at the conclusion that the note was paid.

The verdict recovered by appellee was based upon his account for keeping the property purchased by appellant at the mortgage sale, and it is claimed the recovery is too large.

What it was worth to pasture and feed cattle and hogs the time appellee kept the property, was a question a jury could solve without great difficulty, and while the verdict might have been smaller, yet a verdict even larger in amount might have been rendered and sustained under the proofs.

The third instruction of appellant, which, in substance directed the jury that, if they found, from the evidence, that, in the sale under the mortgage, it was the intention of appellee and appellant that the property should still continue appellee's, and that the alleged sale was not intended as a sale, then the title to the property did not pass, and appellee would be liable on the note, the court modified by adding the words, " except as to such portion sold, if any, on attachment against plaintiff."

We perceive no error in the modification. Appellant had advertised the property for sale under the mortgage, and in fact bought it at the sale—*prima facie* the property was appellant's, and if he allowed it to be taken upon attachment and sold for his debts, he is estopped to deny the good faith of the transaction. He should be concluded by his own conduct.

Appellant also claims that the court erred in giving appellee's first and third instructions. The two contain the same principle, and, in substance, directed the jury that, if they should find, from the evidence, the note in question was secured by the chattel mortgage, and that appellant sold the property under the mortgage, and at the sale purchased the property for the debt, interest and costs, then the note became paid and satisfied.

We perceive no substantial objection to the instructions. So far as the rights of the parties to this record are concerned, it is of no consequence whether the mortgage sale was conducted strictly according to the formal requirements of law or not. No person had a right to question the regularity of the sale except appellee or his creditors, neither of whom are complaining.

Appellee was present at the sale, and is insisting upon it being enforced. No creditor is making complaint. Under such circumstances appellant can not be heard to complain, even if he failed to conduct the sale as required by law.

So far as the record discloses, there was no error in the admission or exclusion of evidence. The law involved was fairly given to the jury, and for aught that appears, a fair trial has been had.

The judgment will therefore be affirmed.

*Judgment affirmed.*